UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LISA HARPER, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>SOCIAL SECURITY ADMINISTRATION, )<br>)<br>Defendant. ) | No. 1:07-cv-1298-DFH-WTL |

**Entry Discussing Motion to Dismiss**

This cause is before the court on the complaint of plaintiff Lisa Harper ("Harper") and on the answer and motion to dismiss of the defendant Social Security Administration ("SSA"). Despite having been served with a copy of the motion to dismiss (dkt. 7) and given a period and an extended period in which to respond, Harper has not responded to the motion to dismiss.

Whereupon the court, having considered the foregoing pleadings and motion to dismiss, and being duly advised, finds that the motion to dismiss must be granted. This conclusion is based on the following facts and circumstances:

1. On March 7, 2005, the SSA determined that Harper received two child's insurance benefit checks in the amounts of $657.00, each for October 2004, that she was due only one check in the amount of $657.00 for that month, and therefore that there had been an overpayment of benefits in the amount of $657.00 ("the overpayment").

2. The SSA sent Harper a notice of the overpayment, requesting that she refund the overpayment within 30 days. The notice also advised Harper that if she believed she met certain conditions, she could request a waiver of recovery of the overpayment, or if she disagreed with the determination that there had been an overpayment, she had 60 days to request SSA reconsideration. Harper did not refund the overpayment, did not request a waiver of her obligation for the overpayment, did not request SSA reconsideration that there had been an overpayment, and did not respond to the SSA to the notice in any fashion.

3. On April 15, 2005 and May 18, 2005, the SSA sent billing statements to Harper, reminding her of her liability for the overpayment. The billing statement of May 18, 2005, advised Harper that if she did not refund the overpayment, or make alternative arrangements, the SSA had the authority to collect the overpayment from other sources, including a federal income tax refund.

  4. Because Harper did not respond to the notices which have been described, the SSA initiated a federal income tax refund offset claim for the overpayment. The offset claim resulted on February 14, 2007, in collection of the overpayment from Harper's federal income tax refund. SSA records were updated to reflect receipt of the overpayment, extinguishing Harper's liability for it.

  5. With the shoe now being on the other foot, Harper sued the SSA to recover the overpayment. That lawsuit, filed in an Indiana state court, was removed to this court by the SSA. The SSA argues in its motion to dismiss that the court lacks jurisdiction over Harper's claim. *Gervasio v. United States,* 627 F.Supp. 428, 430 (N.D.Ill. 1986).

  a. Subject matter jurisdiction "defines the court's authority to hear a given type of case." *United States v. Morton,* 467 U.S. 822, 828 (1984). Because "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998).

  b. Federal courts are courts of limited jurisdiction and, absent jurisdiction conferred by statute or the Constitution, lack the power to adjudicate claims. In particular, a complaint does not satisfy the subject-matter jurisdiction requirement if the claim either: does not "arise under" the Federal Constitution, laws, or treaties, or fall within one of the other enumerated categories of Art. III, § 2, or is not a "case or controversy" within the meaning of the latter section; or the claim is not one described by any jurisdictional statute. *Baker v. Carr,* 369 U.S. 186, 198 (1962). A motion to dismiss filed under Rule 12(b)(1) of the *Federal Rules of Civil Procedure* challenges the subject matter jurisdiction of the federal district court.

  6. The SSA is a federal agency, so this case must be considered a suit against the United States for the purposes of sovereign immunity. *Biase v. Kaplan,* 852 F.Supp. 268, 277 (D.N.J. 1994). Under the doctrine of sovereign immunity, "the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212 (1983).

  7. The customary judicial role in a disability matter is authorized by 42 U.S.C. § 405(g), which requires that a plaintiff receive a final decision from the Secretary before seeking judicial review of his claim. 42 U.S.C. § 405(g)(a claimant may commence a civil action for review of "any final decision of the Commissioner of Social Security made after a hearing . . . ."). This is because § 405(g) represents a limited review of the United States' sovereign immunity.

  8. The review authorized by § 405(g), moreover, is exclusive. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); see also *Heckler v. Ringer,* 466 U.S. 602 (1984)(there is no federal question jurisdiction for Social Security disability claims and the Social Security Act is the exclusive method of judicial review).

9.      However, Section 405(g) allows this court to review only "final" decisions of the SSA made after a hearing. The Commissioner's "final decision" includes two separate elements: (1) "a nonwaivable requirement that a claim for benefits be presented to the Secretary"; and (2) "a waivable requirement of exhaustion of administrative remedies." *Sulie v. Schweiker,* 730 F.2d 1069, 1070-71 (7th Cir. 1984) (citing *Mathews v. Eldridge,* 424 U.S. 319, 328 (1976)); see *Califano v. Sanders,* 430 U.S. 99, 108 (1977) ("[Section 405(g)] clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'"). In order to obtain a final decision from the Secretary, a plaintiff must exhaust her administrative remedies by proceeding through all three stages of the administrative process and then seek judicial review of her claim. See *Bowen v. City of New York,* 476 U.S. 467, 482 (1986).

10.     Harper did not respond to the SSA's notice of the overpayment by contesting it, by seeking waiver, or by any other response. Because of this, she failed to obtain a final decision by the SSA made after a hearing. The initial determination of the overpayment was not such a decision. This court lacks jurisdiction to adjudicate Harper's claim to regain the overpayment or determine that it was not properly assessed or collected. The SSA's motion to dismiss (dkt. 7) is therefore **granted,** and judgment dismissing this action for lack of jurisdiction shall now issue.

So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   1/24/2008